UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTREEN LAMAR, | : | |
| | : | |
| Plaintiff | : | 3:03-cv-02203 (WWE) |
| | : | |
| v. | : | |
| | : | |
| LUTHERAN HOME OF SOUTHBURY, | : | |
| | : | |
| Defendant | : | June 7, 2005 |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

This action concerns an allegation of racial discrimination pursuant to Title VII of the Civil Rights Act of 1964; 42 U.S.C. sections 2000 et seq.; 42 U.S.C. section 1981; Connecticut General Statutes sections 46a-58 et seq.; and a claim of intentional infliction of emotional distress.  The Defendant, Lutheran Home of Southbury ("defendant"), has moved to dismiss Count Four of the plaintiff's amended complaint, the plaintiff's claim of intentional infliction of emotional distress.  The defendant argues that Count Four should be dismissed because it fails to state a claim upon which relief can be granted.  Specifically, the defendant moves to dismiss Count Four because it fails to allege facts that meet the standard of extreme and outrageous conduct required to state a claim for intentional infliction of emotional distress.  The Court will deny the defendant's motion.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The function of a motion to dismiss "is merely to assess the legal feasability of the complaint, not to assay the weight of the

evidence which might be offered in support thereof." Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980). In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the non-moving party. Cruz v. Beto, 405 U.S. 319, 322 (1972).

In Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992 (2002), the Supreme Court held that a complaint must be read pursuant to a notice pleading standard . The Court determined that the pleading requirement is not a standard or inflexible one. "To measure a plaintiff's complaint against a particular formulation of the prima facie case at the pleading stage is inappropriate." The Court noted that "before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case. Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases." This simplified notice pleading standard is  provided by Federal Rule of Civil Procedure 8(a)(2) and "relies on liberal discovery rules and summary judgement motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. at 512. "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court."  Swierkiewicz v. Sorema N.A., 534 U.S. at 512-513 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, section 1202, p. 76 (2d ed. 1990)).

This Court adheres to the liberal pleading standard enunciated in Swierkiewicz.  Here, the plaintiff sets forth a claim of racial discrimination and alleges behavior of the defendant that may, after proper discovery, support her claim. Pursuant to  Swierkiewicz, dismissal at this stage of the

Case 3:03-cv-02203-WWE   Document 25   Filed 06/08/05   Page 3 of 3

pleadings would be premature and inappropriate. The Court will, accordingly, deny the defendant's motion to dismiss Count Four of the plaintiff's complaint.

## CONCLUSION

Defendant Lutheran Home of Southbury's Motion to Dismiss Count Four of the Plaintiff's Complaint [Doc. # 17] is DENIED.

SO ORDERED this 7th day of June, 2005 at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge